Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT
STATE OF GEORGIA

| | |
|---|---|
| **UNITED STATE OF AMERICA** | § |
| **Plaintiff** | § |
| V. | § Criminal Action: |
| | § 4:09-cr-18 |
| **YOLANDA BLACK-BURTON** | § |
| **Defendant** | |

### DEFENDANT'S REQUEST FOR DISCOVERY

<u>Demand for copy of indictment and list of witnesses expressly reserving the right to file other motions.</u>

Comes now the defendant above-named and prior to arraignment before this court, files this, his Demand for Discovery as by law provided, and says:

1.

That pursuant to the United State Constitution, the Federal Rules of Criminal Procedures (hereinafter, *FRCP*) and other applicable laws of the United States, this defendant files this his demand that he be furnished previous to his arraignment, with a copy of the accusation or indictment upon which he is charged with the offense of a crime under the laws of the United States and a list of all witnesses who will be called upon to testify against him, as provided by FRCP.

2.

That this defendant expressly reserves the right to file all motions to suppress evidence, demurrers and rights of discovery prior to trial or during the trial upon the discovery of any rights which he may have to the filing of such motions to suppress evidence as by law provided.

3.

Defendant further request:

**REQUEST FOR LIST OF WITNESSES**

Pursuant to FRCP, the Defendant requests and demands the U.S. Attorney to furnish him/her with a list of the witnesses the prosecution intends to call at trial together with the witness' addresses and telephone numbers.

**STATE'S WITNESSES' CRIMINAL HISTORY RECORDS**

The Confrontation Clause of the Sixth Amendment to the United States Constitution, as applied to the states through the Due Process Clause of the Fourteenth Amendment, guarantees the Defendant the right to cross-examine a prosecution witness concerning the witness' criminal history.

Under both *Brady v. Maryland,* 373 U. S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), and *Hayes v. State,* 168 Ga. App. 94, 95, 308 S. E. 2d 227 (1983), the prosecution must produce evidence favorable to the defense which is material either to guilt or punishment, including evidence such as criminal history records which may serve to impeach the prosecution's witnesses.

If the prosecution fails to investigate its witnesses' criminal history records, the only way for the defense to obtain such information is through a formal request to the Georgia Crime Information Center (GCIC) pursuant to O.C.G.A. § 35–3–34(2). That statute grants a defendant the right to obtain the criminal history records of prosecution witnesses.

In addition to the procedural requirements of said statute, the GCIC also requires the date of birth for each criminal history search of a subject. The GCIC cannot and will not initiate an inquiry of the computerized criminal history record data base without the subject's date of birth. Date of birth is an essential data element required for each criminal history file inquiry.

Defense counsel cannot obtain a prosecution witness' date of birth unless such information is supplied by the prosecution, a police report, or the witness himself.

The defense has requested from the prosecution both the criminal history records of the prosecution's witnesses and said witnesses' dates of birth; the defense has received neither. No police report contains the dates of birth of any potential prosecution witnesses in this case. In addition, defense counsel unsuccessfully asked a potential prosecution witness for his date of birth.

If the prosecution does not produce its witnesses' criminal history records, the prosecution must supply the defense its witnesses' birth dates in sufficient time for the defense to request and then receive such witnesses' criminal history records from the GCIC before trial.

If the defense does not receive the prosecution's witnesses' birth dates in sufficient time prior to trial, the defense's only possible avenue to obtain such information will be on cross-examination. The trial court may refuse to permit such cross-examination. However, if such cross-examination is allowed, upon receiving such information on cross-examination, the defense will be compelled to ask for a continuance while a request to the GCIC may be made, processed, and received.

## DEMAND FOR COPY OF INDICTMENT

The Defendant requests pursuant to FRCP that he be furnished with a copy of the indictment returned against him.

## DEMAND FOR SCIENTIFIC EXAMINATION OF FINGERPRINTS

The Defendant requests pursuant to FRCP that he be allowed to have an independent fingerprint expert examine all fingerprints obtained by law enforcement officers in connection with the charges against this defendant and shows the following facts:

That it is impossible for the untrained person to tell solely by a visual examination whether the fingerprints which have been obtained in connection with the charges against these defendants are the fingerprints of the defendant or of someone else.

The defendant wishes to have an independent scientific expert examine said fingerprints for the purpose of determining their identity or lack of identity.

That the defendant will be deprived of due process of law as is guaranteed by the Fifth Amendment of the Constitution of the United States and will have the effect of preventing the defendant from having witnesses testify in his behalf in violation of the Sixth Amendment of the United States Constitution if he is denied the right to have said fingerprints examined by an independent scientific expert. This is true for the reason that the failure to permit defendant to have a scientific examination and analysis will deprive

him of evidence and perhaps witnesses which may be beneficial to him and essential if the jury is to have an accurate understanding of the facts involved in connection with this indictment

That only an expert in fingerprint identification can determine the identity or lack of identity of fingerprints.

**DEMAND TO INSPECT, EXAMINE, PHOTOGRAPH AND TEST PHYSICAL EVIDENCE**

The above-named defendant moves the Court to order the prosecution to produce all items of physical evidence that are pertinent to this case and are in its possession and control so that the defendant's counsel and experts may inspect, examine, photograph, and test said items

**REQUEST TO INSPECT, COPY, PHOTOGRAPH, TEST AND ANALYZE BOOKS, PAPERS, TANGIBLE OBJECTS, AUDIO AND VISUAL TAPES AND RECORDINGS**

The above-named defendant requests the prosecuting attorney permit defendant, at a time agreed to by the parties not later than ten days prior to trial, "to inspect and copy or photograph books, papers, documents, photographs, tangible objects, audio and visual tapes, films and recordings, or copies or portions thereof and to inspect and photograph buildings or places which are within the possession, custody, or control of the state or prosecution and are intended for use by the prosecuting attorney as evidence in the prosecution's case-in-chief or rebuttal at the trial or were obtained from or belong to the defendant" and to permit the defense to test and analyze evidence within "the possession, custody, or control of the government or any agencie(s) of the government.

This 5TH day of November 2009.

SHEVON SUTCLIFFE THOMAS & ASSOCIATES, LLC

BY:_____\s\ Shevon S. Thomas

Shevon Sutcliffe Thomas
Attorney for Defendant Holt
State Bar # 141947

P.O. Box 1733
Columbus, GA 31902
(706) 507-5425 Voice
(706) 507-5427 Fax
Email:shevonthomas@knology.net

PDF Complete

Click Here & Upgrade
Expanded Features
Unlimited Pages
Documents

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT
## STATE OF GEORGIA

| | |
|---|---|
| **UNITED STATE OF AMERICA** | § |
| **Plaintiff** | § |
| V. | §   Criminal Action: |
| | §   4:09-cr-18 |
| **YOLANDA BLACK-BURTON** | |
| | § |
| **Defendant** | |

### CERTIFICATE OF SERVICE

I hereby certify that on 5TH day of November 2009., I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Assistant United States Attorney

This 5TH day of November 2009.

SHEVON SUTCLIFFE THOMAS & ASSOCIATES, LLC

BY:      \s\ Shevon S. Thomas

Shevon Sutcliffe Thomas
Attorney for Defendant Holt
State Bar # 141947

P.O. Box 1733
Columbus, GA 31902
(706) 507-5425 Voice
(706) 507-5427 Fax
Email:shevonthomas@knology.net