IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NUMBER: 4:09-CR-18 (CDL) |
| | : |
| | : VIOLATION: 18 U.S.C. § 4 |
| v. | : |
| | : |
| YOLANDA BLACK-BURTON | : |
| | : |

Filed at 10:02 AM
DATE 1/27/10
Pamela D. Sweeder
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

## PLEA AGREEMENT

It is hereby agreed by the United States of America, by and through its undersigned attorney, the United States Attorney for the Middle District of Georgia, and YOLANDA BLACK-BURTON, hereinafter referred to as "defendant," and defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that defendant has reviewed and discussed the indictment against defendant in this matter with defendant's attorney and defendant's attorney has explained to defendant his understanding of the government's evidence.

(2)

The defendant understands that defendant is not required to plead guilty, and that defendant has the right to plead not guilty and to elect instead to be tried by jury. The defendant understands that at a jury trial, defendant would enjoy a presumption of innocence, and that the government would have the burden of proving defendant's guilt beyond a reasonable doubt. The defendant understands that defendant would be entitled to the services of a lawyer at all stages of such trial. The defendant understands that defendant would be entitled to confront and cross-examine the government's proof, and to present witnesses and evidence in defendant's own

SST YCBB

behalf. The defendant understands that defendant would have the right to testify in defendant's own behalf, but that defendant could not be compelled to do so. Defendant has discussed these rights with defendant's attorney. Defendant is satisfied with the services of defendant's lawyer. Defendant knowingly and voluntarily waives defendant's rights to plead not guilty and to proceed to trial.

The United States Attorney and the defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220, 2005 ( 2005). Defendant knowingly and voluntarily waives any further objections that defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. So the defendant agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. The defendant expressly waives any claim or right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of defendant's rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4), below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A) The defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the indictment. Count One charges that the defendant, having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit: mail fraud involving the filing of a false insurance claim by

SST/[initials]

          Michael Raimer, did conceal the same by failing to reveal her knowledge of said felony during an interview with agents from the Federal Bureau of Investigation, and did not as soon as possible make known to some judge or other person in civil or military authority under the United States; all in violation of Title 18, United States Code, Section 4.

(B)    The defendant understands that defendant's plea of guilty to Count One, as set forth in subparagraph (A), above, will subject the defendant to a maximum of three (3) years imprisonment, a fine of up to $250,000, or both, and a maximum of one (1) year supervised release. Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100 on this Count.

(C)    The defendant acknowledges and understands that the Court is not bound by any estimate of the advisory sentencing range that defendant may have received from defendant's counsel, the government, or the Probation Office. The defendant further acknowledges and agrees that defendant will not be allowed to withdraw defendant's plea because defendant has received an estimated guideline range from the government, defendant's counsel, or the Probation Office which is different from the advisory guideline range computed by the Probation Office in the Pre-Sentence Report and found by the Court to be the correct advisory guideline range.

(D)    The defendant fully understands and has discussed with defendant's attorney that the Court will not be able to consider or determine an advisory guideline sentencing range until after a pre-sentence investigative report has been

completed. The defendant understands and has discussed with defendant's attorney that the defendant will have the opportunity to review the pre-sentence investigative report and challenge any facts reported therein. The defendant understands and has discussed with defendant's attorney that any objections or challenges by the defendant or defendant's attorney to the Pre-Sentence Report, the Court's evaluation and rulings, or the Court's sentence, will not be grounds for withdrawal of the plea of guilty.

(E) Defendant understands and has discussed with defendant's attorney that after the Court considers the advisory guideline range for this case, the Court will have the discretion to impose a sentence that is more severe or less severe than the advisory guideline range.

(F) Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G) The defendant understands that ordinarily Title 18, United States Code, Section 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a defendant's sentence. But once this agreement is accepted and sentence is imposed by the District Court, defendant by this agreement forever waives any right to an appeal or other collateral review of defendant's sentence in any court. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then the defendant shall retain only the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its sentence. In the event that the

SST/ [initials]

defendant retains the right to a direct appeal, that right is limited to appealing sentencing issues only. The defendant and the United States Attorney agree that nothing in this plea agreement shall affect the government's right or obligation to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the United States Attorney appeals the defendant's sentence pursuant to this statute, the defendant is released from defendant's waiver of defendant's right to appeal altogether.

(H) The defendant and the government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing.

(I) Defendant agrees to provide complete, candid, and truthful statements to law enforcement officers regarding defendant's involvement and the involvement of all others involved in the charges alleged in the present indictment as well as any and all criminal violations about which the defendant has knowledge or information and that such information provided will be pursuant to and covered by this agreement. The defendant further agrees to provide complete, candid, and truthful testimony regarding such matters in any proceeding. The defendant understands that this agreement does not require the defendant to implicate any particular individual or individuals or to "make a case," rather, it requires the defendant to be truthful and to testify truthfully whenever called upon.

(4)

In exchange for the considerations set forth in paragraph (3), above, the United States

Attorney for the Middle District of Georgia agrees as follows:

(A)  That he will accept the plea of guilty by the defendant as provided in paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of defendant's guilty plea, which might have been brought in this district solely against the defendant.

(B)  That he further agrees, pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, to move the Court at the time of sentencing to dismiss Count Two.

(C)  That he further agrees, if defendant cooperates truthfully and completely with the government, including being debriefed and providing truthful testimony, at any proceeding resulting from or related to defendant's cooperation, to make the extent of defendant's cooperation known to the sentencing Court. If the defendant is not completely truthful and candid in his cooperation with the government, he may be subject to prosecution for perjury, false statements, obstruction of justice, and/or any other applicable charge. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. Sect. 3553(e) and/or Section 5K1.1 of the advisory Sentencing Guidelines warranting a government motion at the time of sentencing recommending a downward departure from the advisory guideline range. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure warranting the filing of a motion for reduction of sentence within one year of the

SST/JCBB

imposition of sentence. In either case, the defendant understands that the determination as to whether the defendant has provided "substantial assistance" rests solely with the government. Any good faith efforts on the part of the defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure from the advisory guideline range or a Rule 35 motion. In addition, should the defendant fail to cooperate truthfully and completely with the government, or if the defendant engages in any additional criminal conduct, the defendant shall not be entitled to consideration pursuant to this paragraph.

(D) Pursuant to Section 1B1.8 of the United States Sentencing Guidelines, the government agrees that any self-incriminating information which was previously unknown to the government and is provided to the government by the defendant in connection with defendant's cooperation and as a result of the defendant's plea agreement to cooperate will not be used in determining the advisory guideline range. Further, the government agrees not to bring additional charges against the defendant, with the exception of charges resulting from or related to violent criminal activity, as defined in 18 U.S.C. Section 924(e)(2)(B)(i), based on any information provided by the defendant in connection with the defendant's cooperation, which information was not known to the government prior to said cooperation. This does not restrict the government's use of information previously known or independently obtained for such purpose.

(E) If the defendant affirmatively manifests an acceptance of responsibility as

filed an insurance claim for the motorcycle with Progressive Auto Insurance. Raimer's claim included material false statements which were known to be false by both Raimer and the defendant. After filing out this paperwork, Raimer placed, or caused to be placed, the claim in the United States mail for delivery to Progressive. This act constituted mail fraud, a felony offense under Title 18, United States Code, Section 1341. The defendant was aware that Raimer had committed this act.

Having knowledge that a felony had been committed, the defendant failed to notify any proper authority regarding its commission. Further, the defendant did an affirmative act to conceal the crime by telling agents with the Federal Bureau of Investigation that she had no knowledge of any felonious act committed by Raimer, when in fact she knew that Raimer had wrongfully filed the insurance claim with Progressive.

8.

## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the defendant.

SO AGREED, this 27th day of January, 2010.

G. F. PETERMAN, III
ACTING UNITED STATES ATTORNEY

By: _____
Melvin E. Hyde, Jr.
Assistant United States Attorney
Georgia Bar no. 381425

10

I, YOLANDA BLACK-BURTON, have read this agreement and had this agreement read to me by my attorney, Shevon Thomas. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

*/s/ Yolanda Black-Burton*
YOLANDA BLACK-BURTON
DEFENDANT

I, Shevon Thomas, attorney for defendant YOLANDA BLACK-BURTON, have explained the indictment and the government's evidence received through discovery and my investigation of the charge to the defendant. I believe defendant understands the charge against defendant and the evidence that would be presented against defendant at trial. I have read this agreement, have been given a copy of it for my file, and have explained it to defendant. To the best of my knowledge and belief, defendant understands this agreement.

*/s/ Shevon S. Thomas*
SHEVON THOMAS
ATTORNEY FOR DEFENDANT

12

SST/YBB